UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Sametha Glen, Sidney Davis and Jazzman Espinosa on behalf of themselves   and all persons similarly situated, )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | CASE NO. |
| v. | JURY TRIAL DEMANDED |
| Galardi South Enterpises, Inc., Galardi South Enterprises Consulting, Inc,, Pony Tail, Inc. d//b/a Onyx, Terri Galardi & Michael Kapp, | |
| Defendants. | |

**COMPLAINT FOR VIOLATING THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Jazmann Espinoza, Sametha Glen and Sidney Davis (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, and brings this collective action against Galardi South Interprises, Inc. and Galardi South Enterprises Consulting, Inc., Pony Tail, Inc. d/b/a Onyx, Terri Galardi and Michael Kapp respectfully showing the Court as follows:

**INTRODUCTION**

1.

This is the second time in four (4) years the Galardi corporate

Defendants and Defendant Kapp have been sued for failure to comply with the FLSA.  The first lawsuit styled  CLINCY, et al. v. GALARDI SOUTH ENTERPRISES, INC. d/b/a the Onyx, et al., 808 F. Supp. 2d 1326 (N.D. Ga. 2011). resulted in a one million six hundred thousand dollar ($1,600,000) consent judgment.  Nevertheless, rather than complying with the terms of the settlement reached in *Clincy,* Defendants continue to  flaunt their obligations under the FLSA by failing and refusing to pay the minimum wages and overtime compensation required under the Act.

Defendants operate approximately 8 strip clubs located in Miami, Atlanta, Las Vegas and other cities that failed to pay the Named Plaintiffs and all others similarly situated the minimum wage and substantial overtime for hours worked.  Indeed not only did they fail to pay a single penny in wages, they tricked the Plaintiffs and all others similarly situated into paying each of them for the privilege of coming to work even after the fact the corporate Defendants and Kapp were sued for the same violations as alleged herein and lost at summary judgment.  Defendant's failure to pay the minimum wage and overtime wages to Plaintiffs  and all others similarly situated violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA") because the Plaintiffs and all other similarly situated employees do not satisfy the requirements of any

applicable exemption under the FLSA.

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.  Upon information and belief there are more than 100 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

3.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Therefore, Named Plaintiffs should be permitted to bring this action as a Nationwide collective action for and on behalf of themselves and those current and former employees of Defendants that worked at any club similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants violation of the FLSA, Plaintiffs and all

others similarly situated seek minimum and overtime wages, restitution of all fees, fines and other payments Plaintiffs were required to pay to Defendants to work,   liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

## PARTIES AND SERVICE

6.

Plaintiff Sametha Glen is a current employee of Defendants.  Plaintiff is employed in Atlanta, Georgia at the club known as the "Onyx" located at 1888 Cheshire Bridge Rd, Atlanta Georgia 30324.  Plaintiff Glen has been employed at the Onyx since approximately October 9, 2010 through present. Plaintiff is a resident within the Northern District of Georgia.

7.

Plaintiff Sidney Davis is a current employee of Defendants.  Plaintiff is employed in Atlanta, Georgia at the club known as the "Onyx" located at 1888 Cheshire Bridge Rd, Atlanta Georgia 30324.  Plaintiff Davis has been employed at the Onyx since approximately October 9, 2010 through present. Plaintiff is a resident within the Northern District of Georgia.

8.

Plaintiff Jazmann Espinoza is a former employee of Defendants.

Plaintiff was employed by Defendants in Miami, Florida at the club known as the "King of Diamonds" located at 17800 NE 5th Ave, Miami, FL 33162 from approximately December, 2011 through November 2012.  Plaintiff is a resident within the Southern District of New York.

9.

Defendant Galardi South Enterprises, Inc. is a Georgia for profit Corporation with its principal place of business located at 1730 Northeast Expressway, Suite 200 Atlanta, GA 30329.  The Georgia Secretary of State website shows Defendant is currently administratively dissolved for unknown reasons.   Defendant is the owner of the King of Diamonds and the Onyx.  Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Dennis Williams, Esquire located at 2555 Chantilly Drive, Atlanta, GA 30324.

10.

Defendant Galardi South Enterprises Consulting, Inc. is a Georgia for profit Corporation with its principal place of business located at 2555 Chantilly Drive, Atlanta, GA 30324.  Defendant is owner of the King of Diamonds and the Onyx.   Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Dennis Williams, Esquire located at 2555 Chantilly Drive,

Atlanta, GA 30324.

11.

Defendant Ponytail Inc. doing business as the "Onyx" is owner of the Onyx located at 1888 Cheshire Bridge Rd, Atlanta Georgia 30324. Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Dennis Williams, Esquire located at 2555 Chantilly Drive, Atlanta, GA 30324

12.

Defendant Terri Galardi is a natural person.  On information  and belief Galardi is the CEO and controlling shareholder of co-Defendants Galardi South Enterprises, Inc. Galardi South Enterprises Consulting, Inc. and Pony Tail, Inc.  On information and belief Defendant Galardi directs the day to day operations of King of Diamonds in Miami and Onyx in Atlanta. On information and belief Defendant Galardi is the beneficial owner of the King of Diamonds and the Onyx.  Defendant may be served with a copy of the summons and complaint at 2555 Chantilly Drive, Atlanta, GA 30324

13.

Defendant Michael Kapp is a natural person and the Chief Operating Officer of co-Defendant Galardi South Enterprises Consulting, Inc.   On information and belief Defendant Kapp directs the day-to-day operations of

King of Diamonds and the Onyx.  Defendant Kapp may be served with a copy of the summons and complaint at 2555 Chantilly Drive, Atlanta, GA 30324.

## JURISDICTION AND VENUE

### 14.

This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

### 15.

Venue is proper in the Northern District of Georgia, under 28 U.S.C. §1391(b), since corporate Defendants are a citizen in this judicial district and on information and belief Defendants Galardi and Kapp reside in the Nothern District of Georgia.

## FACTUAL ALLEGATIONS

### 16.

Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

17.

At all times for the three years prior to the filing of the Complaint in this matter, Defendants have employed female entertainers at its nightclubs located throughout the United States.

18.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at the nightclubs as "independent contractors" or as "employees" but failed to pay any wages.

19.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background.   Defendants have, however: established specific work schedules for entertainers.

20.

Defendants have required entertainers to dance at specified times and in a specified manner on stage and for customers.

21.

Defendants have regulated entertainers' attire and interactions with customers.

22.

Defendants have set the price entertainers were allowed to charge for dances.

23.

Defendants have required entertainers to attend meetings at Defendants' business.

24.

Defendants have financed all advertising and marketing efforts undertaken on behalf of the club;

25.

Defendants have made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory;

26.

Defendants have required and made all hiring decisions regarding waitstaff, security, entertainer, managerial and all other employees at the night clubs.

27.

Defendants have established a variety of uniform written guidelines and policies which govern entertainers conduct at all the night clubs nationwide.

28.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiffs and all others similarly situated, to pay a specific amount, often referred to as a "tip out" or a "bar fee" in order to work on any given shift.

29.

The specific amount entertainers, including Named Plaintiffs, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

30.

The required bar fee or tip out the Named Plaintiffs has paid generally has been at least $60 per shift.

31.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the club's rules, they are charged additional fees or fines.

32.

Named Plaintiffs have been subject to a variety of these fees and fines.

33.

The fees and fines described in ¶¶ 28-32 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act, and Plaintiffs are entitled to restitution of all such fees and fines.

34.

Named Plaintiffs worked over forty hours in some weeks each worked for Defendants.

35.

Named Plaintiffs and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

36.

Defendants have never paid Plaintiffs and all others similarly situated any amount as wages whatsoever, and have instead unlawfully required Plaintiffs to pay them for the privilege of working.

37.

Instead, Plaintiffs and all other similarly situated only source of work related income were gratuities they receive from customers.

38.

Because Defendants did not pay Plaintiffs and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiffs and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiffs and others similarly situated worked over forty hours in a given workweek.

39.

As noted above this is the second suit over FLSA minimum wage and overtime violations thus, Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

40.

Plaintiffs and all others similarly situated were not subject to any exemption under the FLSA.

41.

On information and belief Defendants failed to maintain records of the number of hours worked by Plaintiffs and others similarly situated.

## COUNT I
## DECLARATORY JUDGMENT

42.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

43.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U.S.C. § 2201 et seq.

44.

An actual controversy exists between the parties in this case in regard to the employment status of the Plaintiffs and all others similarly situated.

45.

Plaintiffs and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether

Plaintiffs and all others similarly situated are or were the employees of Defendants.

## COUNT II
## OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)

46.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

47.

Defendants are or were the "employer" and employ(ed) Plaintiffs and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

48.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

49.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

50.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). Written Consents to sue executed by each Plaintiff are submitted herewith.

51.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractor.

52.

Defendants failed to pay Plaintiffs and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

53.

Defendants knowingly, intentionally and willfully violated the FLSA.

54.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

55.

Due to Defendants' FLSA violations, Plaintiff and all others similarly

situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## MINIMUM WAGE CLAIM (Claims for Violation of 29 U.S.C. § 206)

56.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

57.

Defendants are or were the "employer" and employs or employed Plaintiffs and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

58.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

59.

Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is

more than $500,000.

60.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

61.

A consent to sue executed by each Plaintiff is submitted herewith.

62.

Defendants misclassified Plaintiff and all others similarly situated as an independent contractor.

63.

Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206 and instead required Plaintiffs to pay Defendants various fees, fines, and other charges.

64.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated the minimum wage under the FLSA

65.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate

-17-

the FLSA.

66.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants all fees, fines and other charges paid by the Plaintiffs to the Defendants,   minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

67.

Plaintiffs, on behalf of themselves and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant relief as follows:

a.      As to Count I issue a declaratory judgment that (i) Plaintiffs and all others similarly situated are or were the employees and Defendants are or were their joint employer and (ii) the practices complained of herein are unlawful under the FLSA;

-18-

b.    As to Count II award Plaintiffs and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiffs would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.    As to Count III award Plaintiffs and all others similarly situated judgment for wages at the minimum rate, including restitution of  all fees, fines, and charges paid by the Plaintiffs to the Defendants,  liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.    Award Plaintiffs and all others similarly situated costs of this action, including expert fees;

e.    Grant Plaintiffs and all others similarly situated a jury trial on all issues so triable;

f.    Grant leave to add additional plaintiffs by motion, the filing of

      written consent forms, or any other method approved by the

      Court; and


g.    Award Plaintiffs and all others similarly situated such other and

      further relief as the Court may deem just and proper.

      This 6th day of November, 2013.


                                        /s/ Harlan S. Miller, III
                                        Harlan S. Miller, III, Esq.
                                        Of Counsel
                                        Parks, Chesin & Walbert, P.C.
                                        75 14th Street, 26th Floor
                                        Atlanta, Georgia 30309
                                        hmiller@pcwlawfirm.com


                                        /s/ Stephen L. Minsk
                                        Stephen L. Minsk, Esq.
                                        State Bar No. 511366
                                        P.O. Box 720023
                                        Atlanta, GA  30328
                                        770-861-7201 Telephone
                                        Attorney for Plaintiffs
                                        stephenminsk@minsklaw.com

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing has been prepared using Times New Roman 14 point font.

This 6th day of November, 2013.

/s/ Harlan S. Miller, III
Harlan S. Miller, III, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309