IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMETHA GLEN and SIDNEY
DAVIS, individually and on behalf of
all persons similarly situationed,

         Plaintiffs,

v.

GALARDI SOUTH ENTERPRISES,
INC., GALARDI SOUTH
ENTERPRISES CONSULTING,
INC., PONY TAIL, INC. d/b/a
Onyx, TERRI GALARDI, and
MICHAEL KAPP,

         Defendants.

1:13-cv-3670-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Galardi South Enterprises, Inc.'s, Galardi South Enterprises Consulting, Inc.'s, Pony Tail, Inc.'s, doing business as "Onyx," Terri Galardi's, and Michael Kapp's Motion to Dismiss [24] ("Motion to Dismiss").  Also before the Court are Plaintiff Sametha Glen's ("Glen") and Sidney Davis' ("Davis") (together, "Plaintiffs") "Rule 15 and 21 Motion for Leave to File Second Amended Complaint" [25] ("Motion to Amend") and Motion for Conditional Certification of Collective Action and Issuance of

Court Approved notice to the Collective Action Class Members [26] ("Motion for Conditional Certification").[1]

I.     BACKGROUND

On November 6, 2013, Plaintiffs filed their Complaint [1], alleging that Defendants violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act ("FLSA") for failing to pay the minimum wave or overtime wages to Plaintiffs and others similarly situated.  On December 11, 2014, Plaintiffs filed their First Amended Complaint [4] ("First Amended Complaint") against Defendants.

Plaintiffs allege that they are both current employees of Defendants, and are employed at a club called Onyx, located in Atlanta, Georgia.  (Amended Complaint ¶¶ 6-7).  Plaintiffs allege that Defendant Terri Galardi ("Galardi") is the controlling shareholder and exerts day-to-day operational and management control over Galardi South Enterprises, Inc. ("GSE"), Galardi South Enterprises

---

[1]     The First Amended Complaint also named Jazzman Espinosa ("Espinosa") as an additional plaintiff, and named Fly Low, Inc. ("Fly Low"), doing business as "King of Diamonds," as an additional defendants.  The First Amended Complaint asserted that Espinosa is a former employee of Defendants, and was employed at the King of Diamonds, located in Miami, Florida.  (First Amended Complaint ¶ 8). On February 11, 2014, Fly Low filed its Motion to Dismiss for Lack of Personal Jurisdiction [8], asserting that it does not business in Georgia and is not subject to Georgia's Long Arm Statute and that, therefore, it is not subject to the personal jurisdiction of the Court.  On March 8, 2014, Espinosa voluntarily dismissed [18] her claims and Plaintiffs dismissed their claims against Fly Low, and Fly Low was dismissed from this action, rendering Fly Low's Motion to Dismiss moot

Consulting, Inc. ("GSEC") and Pony Tail, Inc. ("Pony Tail") which, in turn, own and operate Onyx. (Id. ¶ 9). Plaintiffs allege that Michael Kapp ("Kapp") is the Chief Operating Officer of GSEC and directs day-to-day operations of Pony Tail and Onyx. (Id. ¶ 14).

Plaintiffs allege, in their First Amended Complaint, that Defendants employ female entertainers at their nightclubs located throughout the United States, and that Defendants categorize these entertainers as independent contractors. (Id. ¶¶ 17-18). Plaintiffs allege that, under the FLSA, they are not independent contractors but rather employees and that Defendants categorize them as independent contractors to avoid paying wages and overtime to Plaintiffs and similarly situated persons. (Id. ¶ 18). Plaintiffs allege that Defendants do not require the entertainers to have any specialized background and that Defendants: (1) establish specific work schedules for the entertainers; (2) require entertainers to dance at specified times and in a specific manner on stage and for customers; (3) control the entertainers' attire and interactions with customers; (4) set the price the entertainers are allowed to charge for dances; (5) require entertainers to attend meetings at Defendants' business; and (6) established uniform written guidelines and policies governing entertainers conduct at Defendants' clubs. (Id. ¶¶ 19-23, 27).

Plaintiffs allege further that Defendants require Plaintiffs and the other entertainers to pay Defendants a specific amount, referred to as a "tip out" or "bar fee" to work a given shift.  (Id. ¶ 28).  The fee is generally at least $60 per shift.  (Id. ¶ 30).  If any of the entertainers are late for a shift, fail to appear for a shift, or otherwise violate Defendants' policies, they are charged additional fees or fines.  (Id. ¶ 31).  Plaintiffs allege that these bar fees, other fees, and fines are unlawful kickbacks under the FLSA.  Plaintiffs allege that they and other entertainers were not paid wages for their work, did not receive overtime wages when they worked more than forty (40) hours per week, and that none of the entertainers are considered exempt employees under the FLSA.  (Id. ¶¶ 34-40).

On March 17, 2014, Defendants filed their Motion to Dismiss, asserting that Plaintiffs entered into binding arbitration agreements (the "Arbitration Agreements") with Onyx and that Plaintiffs' claims are, thus, required to be dismissed.[2]

On March 17, 2014, Plaintiffs filed their Motion to Amend.  Plaintiffs' Proposed Second Amended Complaint [25-1] ("Second Amended Complaint") clarifies the identity of Plaintiffs and Defendants, and seeks (i) to add Crystal

---

[2] The Arbitration Agreements are attached as Docket No. 24-2.  In addition to Arbitration Agreements executed by Plaintiffs, Defendants attached a copy of the Arbitration Agreement executed by opt-in plaintiff Nafessa Hill.

Morris ("Morris") as a named plaintiff, and (ii) to add Trop, Inc. ("Trop"), doing business as "Pink Pony," and Dennis Williams ("Williams") as named defendants. The Second Amended Complaint also adds allegations that Morris is a former employee of Defendants, and was employed at a club called Pink Pony, located in Atlanta, Georgia. (Second Amended Complaint ¶ 8). Plaintiffs further allege that Williams is the Chief Financial Officer ("CFO") and Secretary of Trop and Pony Tail, the CFO of GSEC, the Secretary of GSE, and the general manager of Pink Pony. (Id. ¶ 17). Plaintiffs allege that GSE and GSEC, collectively or separately, under the direction and control of Galardi, Kapp, and Williams, own, direct, and control Pony Tail and Trop and, through these entities, own, direct, and control Onyx and Pink Pony. (Id. ¶ 12). Plaintiffs allege that both Pony Tail and Trop are shell corporations through with GSE, GSEC, Galardi, Kapp, and Williams control Onyx and Pink Pony, respectively. (Id. ¶¶ 13-14). Plaintiffs' Second Amended Complaint provides greater detail concerning their factual allegations against Defendants, as well as Trop and Williams, and seeks to assert a collective action against Defendants, Trop, and Williams, on behalf of all current and former entertainers who worked at Onyx or Pink Pony.

On March 17, 2014, Plaintiffs filed their Motion for Conditional Certification, requesting that the Court: (1) conditionally certify this case as a

collective action; (2) approve the proposed notice attached as Exhibit 1 to the Motion for Conditional Certification; (3) order Defendants to provide contact information for all potential class members within five (5) days of its Order; (4) permit Plaintiffs to issue notice by mail, email, and via dedicated website with additional notice as warranted; and (5) order Defendants to post notice at Onyx and Pink Pony in laminated poster format with all pages of the notice visible simultaneously.

On May 8, 2014, the parties filed their Joint Motion to Stay Discovery Deadlines Pending the Court's ruling on (1) Defendants' Motion to Dismiss and (2) Named Plaintiffs' Motion for Conditional Certification [54] ("Joint Motion for Stay").  On June 16, 2014, the Court granted [56] the Joint Motion for Stay.

**II.    DISCUSSION**

    A.    <u>Legal Standard for Motion to Amend Complaint and to Add Parties</u>

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  <u>See</u> Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed

only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 20 of the Federal Rules of Civil Procedure provides that a person may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Rule 20 also provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides, in part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Eleventh Circuit has held that "[d]ropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1045 (11th Cir. 1986).

B.   Analysis

In their Motion to Amend, Plaintiffs assert that the addition of Morris as a plaintiff and Trop and Williams as defendants will not prejudice Defendants, because the claims in the Second Amended Complaint are premised on the same facts contained in the First Amended Complaint regarding Defendants' policy of (i) treating the plaintiff entertainers as independent contractors and (ii) failing to pay them wages or overtime pay. Plaintiffs assert that the two additional defendants are an entity owned and controlled by, and an officer of, Defendants, and that judicial economy would be best served by adjudicating these claims in one proceeding. Plaintiffs note that no discovery has taken place in this case, and, therefore, there is no prejudice to Trop, Williams, or Defendants.

Defendants oppose Plaintiffs' Motion to Amend, arguing that there is no logical relationship between the claims asserted by Plaintiffs, who are both

8

employed at Onyx, and the claims raised by Morris, who was employed by Pink Pony, and that these claims arise out of different sets of operative facts. Defendants assert also that joining Morris' claims against Pink Pony with those of Plaintiffs against Onyx would be prejudicial to Defendants, as it will result in confusion for the Court and the jury, as each would need to sort out the distinctions between the policies at the respective clubs.

Plaintiffs' contend that both Pony Tail, which operates as Onyx, and Trop, which operates as Pink Pony, are entities that are entirely controlled by GSE and GSEC, and that all of the entertainers are jointly employed by GSE and GSEC, regardless of the club at which they work. Plaintiffs also contend that, together, Galardi, Kapp, and Williams control operations at GSE and GSEC and at Onyx and Pink Pony. Plaintiffs assert that joinder is warranted because the claimed right to relief arises from the same transactions and occurrences and raises common questions of law and fact.

Under Federal Rule of Civil Procedure 20, a party seeking joinder must establish two conditions: (1) a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. When evaluating the propriety of a specific instance of joinder, the Court "is guided by the underlying purpose of

joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'"  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (quoting Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000)).  "The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'"  Alexander, 207 F.3d at 1323 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)).  The Court has broad discretion to join parties or not to join them.  Swan, 293 F.3d at 1253.

     1.  Arising Out of Same Transaction or Occurrence

In determining what constitutes a "transaction or occurrence" under Rule 20, the Eleventh Circuit has held that "'[t]ransaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.  Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."  Alexander, 207 F.3d at 1323 (internal citations and quotations omitted).

Plaintiffs' Second Amended Complaint alleges that (1) the corporate defendants in this action constitute a common enterprise, (2) Pony Tail and Trop are shell corporations through which GSE and GSEC, along with Galardi, Kapp, and Williams, own and manage Onyx and Pink Pony, and (3) entertainers who work or worked at Onyx and Pink Pony are treated identically by Defendants for purposes of their FLSA claims. (Second Amended Complaint ¶¶ 13-14, 21-88). The Second Amended Complaint also alleges that Morris, like Plaintiffs, was employed by GSE and GSEC, Galardi, Kapp, and Williams. (Id. ¶¶ 6-8). Plaintiffs further allege that Defendants have, in operating both Onyx and Pink Pony, engaged in an enterprise-wide misclassification of entertainers as independent contractors, instead of employees entitled to wage and overtime under the FLSA.

The Court agrees. The FLSA requires that employers pay to employees who are engaged in commerce or who are employed in an enterprise engaged in commerce certain minimum hourly wages. 29 U.S.C. § 206(a). It also requires employers to pay employees who are engaged in commerce or who are employed in an enterprise engaged in commerce one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). The FLSA defines "Enterprise" to mean "the related activities

performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units." 29 U.S.C. § 203(r)(1).

Plaintiffs' Second Amended Complaint alleges the related activities of GSE and GSEC, Galardi, Kapp, and Williams, Pink Pony and Trop, which are directed or coordinated by common control by persons for a common business purpose, constitutes an enterprise under the FLSA.[3]  The Second Amended Complaint also alleges that, under the liberal rules of permissive joinder, GSE and GSEC, Galardi, Kapp, and Williams exercise management and control over Pony Tail (operating Onyx) and Trop (operating Pink Pony), and each clubs' treatment of its entertainers as independent contractors, who are not entitled to the minimum wage and overtime pay, are logically related and arise out of the same transaction or occurrence.

Defendants claim that Plaintiffs and Morris entertained at different clubs, and thus their respective FLSA claims are not logically related to each other and do not occur out of the same transaction or occurrence.  The Court disagrees.

---

[3]   The Court does not conclude that Defendants operate an "enterprise" under the FLSA.  The Court only finds that Plaintiffs have sufficiently alleged facts that, if true, may support a finding that Defendants operate an enterprise, as defined by the FLSA.

Plaintiffs have alleged, and Defendants have not contradicted, that Defendants treat entertainers at both clubs as independent contractors, and do not pay entertainers at Onyx or Pink Pony the minimum wage and overtime pay required by the FLSA. Defendants next assert that Onyx and Pink Pony have different ownership, management, entertainers, and policies, and, thus, the underlying facts surround the claims are different.  The Court notes that the policy at issue in this case is Defendants' treatment of entertainers at both Onyx and Pink Pony as independent contractors, and that this policy, as alleged and which is not disputed by Defendants, is the same at both clubs.  In light of the alleged common ownership and management of both of these clubs, and the common wage and overtime policies, the Court concludes that the claims raised by Plaintiffs, entertainers at Onyx, and Morris, a former entertainer at Pink Pony, are logically related and arise out of the same transaction or occurrence.[4]

---

[4] The Court notes that Rule 20 provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3).  The Morris may not be entitled to relief against Defendant Pony Tail (operating Onyx) and that Plaintiffs may not be entitled to relief against Defendant Trop (operating Pink Pony) does not negate the reasons for allowing joinder in this case.

2.     Common Question of Law or Fact

The second Rule 20 prong does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.  Alexander, 207 F.3d at 1324.  The Court concludes that the central claims asserted by both Plaintiffs and Morris involve a common issue of law and fact: whether Defendants properly classified Plaintiffs and Morris, and those similarly situated, as independent contractors, and not employees, for purposes of the FLSA.[5]

3.     Amended Pleadings Under Rule 15(a)

Defendants did not argue that allowing Plaintiffs to file their Second Amended Complaint would prejudice Defendants, was unduly delayed, or is otherwise futile.  Defendants assert only that the actual amendments, which seek to add Morris, as a plaintiff, and Trop and Williams, as defendants, are not permitted by Rule 20.  The Court, having concluded that adding Morris as a plaintiff, and Trop and Williams as defendants, is allowed by Rule 20, now also concludes that Plaintiffs should be permitted to file their Second Amended Complaint.

---

[5]   The Court notes that Defendants, in their Response to Plaintiffs' Motion to Amend, do not appear to dispute that a common question of law exists between Plaintiffs' claims and Morris' claims.

Rule 15 requires that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court notes further that, absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus, 30 F.3d at 1405 (citing Foman, 371 U.S. at 182 (1962)). Here, no discovery has taken place, and Defendants have known for some time that Plaintiffs seek to raise FLSA claims on behalf of similarly situated entertainers at Onyx. The addition of Trop, allegedly controlled and operated by Defendants, and Morris, an entertainer that allegedly worked at Pink Pony, is not unduly prejudicial at this early stage in the proceeding. Defendants do not argue that there is a delaying motive behind the amendments requested. The Court, noting that Defendants did not object under Rule 15 to Plaintiffs' Motion to Amend, concludes that leave to file the Second Amended Complaint is justified. See Fed. R. Civ. P. 15(a)(2); Forbus, 30 F.3d at 1405.

    4.    Relation Back of Amendments

Defendants argue that, should the Court allow Plaintiffs to file the Second Amended Complaint, Morris' FLSA claim should not be permitted to relate back to the date of the original Complaint on November 6, 2013, because Morris did not file her Notice of Consent to Sue [28-3] until March 24, 2014. The Court notes

15

that Plaintiffs do not address Defendants' argument that Morris' claim should not relate back to the filing of the original Complaint.

The FLSA provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" 29 U.S.C. § 216(b). The statute of limitations for a FLSA action claiming unpaid overtime compensation is two years, except that a cause of action arising out of an alleged willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a).

In determining when an action commences for purposes collective actions described in 29 U.S.C. § 255, the FLSA provides that an action:

> shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant--(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear--on the

16

subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.  Section 256(a) does not apply to Morris' claims, because she was not specifically named as a party when the original Complaint was filed on November 6, 2013.  Morris' action against Defendants, Trop, and Williams, thus, "commenced," for statute of limitations purposes, on March 24, 2014, when she filed her Consent to Sue.  See 29 U.S.C. § 256(b).  The Morris' claims do not relate back to the date of the originally filed Complaint.

          5.      <u>Motion to Dismiss and Motion for Conditional Certification</u>

Having granted Plaintiffs' Motion to Amend, Defendants' Motion to Dismiss the First Amended Complaint is moot.  See, e.g., Sheppard v. Bank of Am., NA, No. 11-CV-4472, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see also Lowery v. Ala. Power Co., 483 F.3d 1184, (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").[6]

---

[6] The Court notes that Defendants assert that Plaintiffs' claims are subject to a binding and enforceable arbitration agreement.  The Court does not consider whether arbitration is or is not required and, if required, who is required to arbitrate.  Defendants are entitled to refile their Motion to Dismiss.  The Motion to Dismiss must be filed, if at all, on or before April 15, 2015.

The Court also dismisses Plaintiff's Motion for Conditional Certification as moot in light of the Court's decision to grant Plaintiff's Motion to Amend. Plaintiff may refile its Motion for Conditional Certification. The Motion for Conditional Certification may be filed no sooner than twenty (20) days after April 15, 2015, or a decision on any Motion to Dismiss filed by Defendants is issued, whichever is later.[7]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that that Plaintiffs' Motion to Amend [25] is **GRANTED**. The Clerk of Court is **DIRECTED** to file, as of the date of this Order, Plaintiffs Second Amended Complaint [25-1] as a separate entry on the docket in this case. The claims raised by Plaintiff Crystal Morris in the Second Amended Complaint do not relate back to Plaintiffs' originally filed Complaint [1].

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [24] and Plaintiffs' Motion for Conditional Certification [26] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Fly Low's Fly Motion to Dismiss for Lack of Personal Jurisdiction [8] is **DENIED AS MOOT**.

---

[7] In allowing the Second Amended Complaint to be filed, the Court takes no position on whether conditional certification is appropriate and whether Plaintiff Morris is similarly situated to the originally named Plaintiffs Glen and Davis.

**IT IS FURTHER ORDERED** that if Defendants file a new motion to dismiss, it must be filed on or before April 15, 2015.

**IT IS FURTHER ORDERED** that Plaintiffs may file a new motion for conditional certification twenty (20) days after April 15, 2015, or the Court's decision on any motion to dismiss filed by Defendants, whichever is later.

**SO ORDERED** this 23rd day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE