WM. SCOTT SCHULTEN
KEVIN L. WARD
DAVID L. TURNER
ERIC L. WEISS
JON R. ERICKSON
WILLIAM M. JOSEPH
MARTHA A. MILLER
J. ZACHARY ZIMMERMAN
ANDREA L. PAWLAK
MARIA F. STEDRY
DEAN R. FUCHS
BRANDON C. HARDY
TYLER K. KEENAN
STEPHEN W. BROWN
MAHEEN AKHTER



**SCHULTEN WARD & TURNER**
ATTORNEYS AT LAW

A LIMITED LIABILITY PARTNERSHIP

260 PEACHTREE ST., N.W.
SUITE 2700
ATLANTA, GEORGIA 30303
TELEPHONE (404) 688-6800
www.swtlaw.com

STEVEN H. SADOW, SPECIAL COUNSEL
WHITE COLLAR CRIME AND HIGH PROFILE CRIMINAL DEFENSE

Writer's Direct Dial: (404) 688-8277
Writer's Facsimile: (404) 688-6840
Writer's e-mail address: drf@swtlaw.com

September 8, 2015

**VIA CM/ECF**
Hon. William S. Duffey, Jr.
U.S. District Judge
1721 United States Courthouse
75 Ted Turner Drive, SW.
Atlanta, GA 30303-3309

      Re:    *Sametha Glen et al. v. Galardi South Enterprises, Inc. et al.*
               USDC, N.D. Georgia, CAFN 1:13-CV-3670-WSD
               SWT File 729.015

---

Dear Judge Duffey:

      This letter shall serve as the Parties' joint response to the issues raised during last Thursday's telephone conference with the Court. The issues raised, and the Parties' responses, are as follows:

**Issue 1: Whether named Plaintiff Sidnei Davis will remain a named Plaintiff, or become an opt-in Plaintiff?**

Plaintiffs' Response:

      In light of the concerns raised by the Court, Plaintiffs are agreeable to removing Ms. Davis as a "named" plaintiff and to have her continue as an "opt-in" plaintiff for the remainder of the case. Plaintiff should also be permitted to respond to Defendants' request for admissions.

      No legal conflict exists among the plaintiffs. There is no practical reason why Ms. Davis or any other plaintiff joining this action cannot be represented by counsel of her choosing. Notwithstanding Ms. Davis's desire that Mr. Miller no longer represent her, her interests are completely aligned with those of every other plaintiff. Defendant's position fails to identify any factual or legal reason why Davis's claim cannot be joined to this action. The sole consequence of removing Ms. Davis would be litigation proceeding in two separate actions.

The parties should brief the Court regarding the following question: Whether Plaintiff Sidnei Davis shall be permitted to withdraw as a "named" plaintiff and continue the case as an "opt-in" plaintiff. The parties recommend that their positions on this question be submitted to the Court by Friday, September 11, 2015.

Defendants' Response:

In last week's conference call, the Court seemed to indicate that a conflict existed by having Ms. Davis continued to be represented by Mr. Miller, whose representation she terminated in writing last January. [Doc. 115-2]. In her letter terminating Mr. Miller's representation, Ms. Davis indicated, among other things, that she did not "believe [her] best interest [could] be adequately protected by a firm that has no relationship with [her]." Ms. Davis concluded, "I am unwilling to allow [Mr. Miller] or [his] firm to represent me in this lawsuit." *Id.* Defendants do not believe that by changing Ms. Davis's status from that of a "named" Plaintiff to an "opt-in" plaintiff resolves this conflict. As an "opt-in" plaintiff, Ms. Davis would still be part of the putative collective group of Club Onyx dancers represented by putative class counsel, Mr. Miller. As putative class counsel, Mr. Miller will be, presumably, advocating on behalf of the Club Onyx dancers, including, by definition, Ms. Davis, who, as stated above, does not want Mr. Miller to represent her. While Ms. Davis may have engaged separate counsel, Mr. Miller will presumably remain counsel of record for the remaining members of any collective, and the potential conflict remains. Will Mr. Miller file a dispositive motion (or respond to Defendants' dispositive motion) on behalf of all named and opt-in plaintiffs, with the exception of Ms. Davis? Defendants do not believe that Ms. Davis can remain a putative member of the collective which is represented by Mr. Miller, and that the only sensible solution here is for Ms. Davis to be dismissed from the civil action without prejudice, so that she can re-file her claims (should she choose to do so) individually.

**Issue 2: Whether plaintiffs may substitute or move to add a named plaintiff to represent the interests of Pink Pony Plaintiffs?**

Plaintiffs' Response:

As a result of Ms. Morris's desire to withdraw her claims from this action, Plaintiffs desire to name an additional representative plaintiff who worked at the Pink Pony. Plaintiffs propose to amend their complaint to identify Ms. Teresa Melton as a representative plaintiff. Because defendants do not consent to this amendment, the parties should brief the Court on the following question: Whether plaintiffs shall be permitted to amend their complaint to identify Ms. Melton as a representative plaintiff. The parties' submissions on this issue shall be made by September 11, 2015.

Party submissions related to the above questions [Issues Nos. 1 and 2] shall be limited to 5 pages per side.

Defendants' Response:

Defendants oppose any effort to "substitute" an opt-in dancer for Crystal Morris, since Ms. Morris has already been dismissed from the case. [Doc. 159, granting Doc. 137]. Ms. Morris is no longer a party plaintiff for whom someone new can be substituted. If Plaintiffs, at this late date in the proceeding, wish to attempt to further amend their Complaint to add some other entertainer(s) as a named Plaintiff, they are free to file the appropriate motion under Rules 15, 19 and/or 20, to which Defendants will respond, as appropriate.

**Issue 3: to advise the Court on a proposed structure and schedule for the briefing of the employee/independent contractor issue which is before the Court.**

<u>Parties Joint Response</u>: The Parties propose the following briefing schedule for the filing of dispositive motions on the employee/independent contractor issue in this matter:

| | |
|---|---|
| 10/26/15: | Last day for Defendants to file a dispositive motion on the issue of whether plaintiffs are independent contractors or employees for the purposes of the Fair Labor Standards Act. |
| 11/16/15: | Last day for Plaintiffs' to file single response to Defendants' motion. To the extent Plaintiffs contend there are no disputed issues of material fact, Plaintiffs reserve the right[1] to seek judgment as a matter of law in their favor. |
| 12/07/15: | Last day for Defendants to file Reply Brief in support of their Motion. |
| 12/21/15: | Last day for Plaintiffs to file a Sur-Reply Brief. |

Sincerely,
/s/ *Dean R. Fuchs*
Dean R. Fuchs
Counsel for Defendants

DRF/ao

/s/ *Andrew Y. Coffman*
Andrew Y. Coffman
Counsel for Plaintiffs

/s/ *Mutepe Akemon*
Mutepe Akemon
Counsel for Sidnei Davis

---

[1] In this sentence, Plaintiffs' counsel stated that they "shall be entitled" to seek judgment as a matter of law. Defendants' counsel, unable to reach Plaintiffs' counsel late this afternoon, has unilaterally changed this language to Plaintiffs "reserve the right" to seek judgment as a matter of law.