IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMETHA GLEN, et al.

                Plaintiffs,

v.

GALARDI SOUTH ENTERPRISES,
INC., et al.

                Defendants.

1:13-cv-3670-WSD

## OPINION AND ORDER

This matter is before the Court on the conference call held on September 16, 2015, to address various discovery disputes identified in the parties' September 15, 2015 e-mail to the Court (the "September 15 e-mail"). As a result of the conference call, the Court orders the following regarding the issues presented in the September 15 e-mail:

1)     Plaintiffs are entitled to depose Mr. Hayes in his individual capacity. The parties are required to conduct his deposition on or before September 30, 2015.

2)     Defendants are required to respond to Plaintiffs' discovery requests on or before September 30, 2015. Defendants are entitled to submit requests to Plaintiffs not to exceed the number of additional discovery requests allowed

to be served by Plaintiffs. This additional allowed discovery must be served by Defendants on or before September 22, 2015. Plaintiffs must respond, on or before October 2, 2015, to any requests served by Defendant.

3) a) Plaintiffs' request for discovery produced in the Clincy litigation is overly broad, and is denied. Any documents produced in the Clincy litigation that are otherwise responsive to discovery in this case must, of course, be produced by Defendants.

b)-d) RPD Nos. 2, 4, 6: Defendants are required, on or before September 23, 2015, to produce any documents responsive to these requests that are in their possession, custody, or control. These documents include documents in any form, including physical or electronic documents, memoranda, e-mails, or other electronic information, created on or after January 1, 2010.

e) Defendants will produce, on or before September 23, 2015, all documents relating to any discipline taken against any dancer from January 1, 2010 to the present.

g) Plaintiffs' request for advertising and promotion documents is overly broad, and is denied.

4) Defendants are required to respond, on or before September 23, 2015, to Pony Tail Inc.'s Requests for Admission Nos. 13 and 14. In responding to

     these requests, Defendants are not required to interview dancers, but are required to interview managers and other management personnel reasonably expected to have information that will allow Defendants to respond to these requests.  Defendants are also required to review their files and electronic records to determine whether any fines or discipline were imposed on dancers for reporting to work late or failure to "tip out" the DJ.

5)    Defendants are required, on or before September 23, 2015, to respond to Interrogatory No. 1 by providing the contact information for former and current managers.  Plaintiffs cannot engage in ex parte communication with current managers.  If Plaintiffs seek to contact current managers, Plaintiffs must identify to the Court the managers Plaintiffs seek to contact and must request a conference call with the Court and opposing counsel to discuss the request.

**SO ORDERED** this 17th day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE