**Exhibit A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Sametha Glen, et. al.** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiffs,** | ) | **NO. 1:13-CV-03670-WSD** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Galardi South Enterprises, Inc., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SETTLEMENT AGREEMENT & GENERAL RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made this 17th day of June, 2016, by and between Plaintiffs ALICIA ADAMOPOULOS, TASHIA ANDERSON, MARY ANGELA BAKER, KEYANNA BUTLER, BARBARA CHERUBIN, LAKISHA COLBERT, SIDNEI DAVIS, NANCY FINKS, SAMTHA GLENN, SARAH GRZYWACZ, LINDSAY HARDIN, DANA HARPER, DEBORAH HOLDORFF, TERESA MELTON, SASHE OMOGIATE, TAMECIA PACE, JULIE PARSONS, AMBER SIMMONS, and NETASHA SPENCER ("Plaintiffs"), and Defendants GALARDI SOUTH ENTERPRISES, INC. ("GSE"), GALARDI SOUTH ENTERPRISES CONSULTING, INC. ("GSEC"), PONY TAIL, INC. d/b/a ONYX ("Onyx"), TROP, INC. d/b/a PINK PONY ("Trop"), TERI GALARDI ("Ms. Galardi"), DENNIS WILLIAMS ("Mr. Williams") and MICHAEL KAPP (sic) ("Mr. Kap")(collectively, "Defendants"). The aforementioned Plaintiffs and Defendants will be collectively referred to in this agreement as the "Parties."

## SECTION 1. GENERAL RECITALS & REPRESENTATIONS

**1.1.**   Plaintiffs filed a lawsuit against the Defendants alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").  *See* <u>Glen, *et al.* v Galardi South Enterprises, Inc., *et al.*</u>, Case No. 1:13-cv-03670-WSD.  Defendants have also filed counterclaims in the lawsuit.

**1.2.**   Defendants deny any and all allegations of wrongdoing, liability or fault.  To compromise, settle and resolve their differences without admitting the

validity of or any liability for the claims asserted by Plaintiffs against Defendants, the parties have elected to voluntarily enter into this Agreement.  Plaintiffs agree that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.   The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement.

      **1.3.**   The Parties do hereby agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by TROP and/or ONYX of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims asserted by the Parties; (c) the mutual releases and dismissals with prejudice of all claims asserted by (or which could have been asserted by) the Parties, including without limitation of alleged failure to pay compensation for work performed by the Plaintiffs during the time period covering plaintiffs' claims; and (d) other valuable monetary and non-monetary consideration as set forth herein.

      **1.4.**   **Disclosure as to Adequacy and Fairness of Settlement.**  The parties have agreed to a gross settlement in the amount of $350,000.00 to resolve all claims in the civil action. This sum is inclusive of all individual claims, costs and attorneys' fees. Prior to reaching this Agreement, counsel for the Parties calculated each Plaintiff's alleged damages for back wages and liquidated damages based upon relevant available information, as well as information and discovery exchanged between the Parties, and based on the Parties' informed estimates and knowledge of the matters at hand. The amounts paid to each individual Plaintiff under this settlement are set forth in attachment A. The Parties and their respective counsel believe that this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the merits and negotiating its material terms at arms-length between counsel for the Parties.  The payments to Plaintiffs as set forth in this Agreement constitute valid consideration for their return promises, releases, and obligations provided in this Agreement.   Plaintiffs acknowledge that, with the payments stated in this Agreement, they have been fully compensated by Defendants for all unpaid wages,

including unpaid overtime wages, fees, tips, liquidated damages, attorney's fees and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants. Plaintiffs further acknowledge that they are receiving adequate consideration for their full release of claims in this Agreement and that such consideration, but for this Agreement, would not otherwise be owed to them. Plaintiffs shall be solely responsible for their tax obligations, if any, resulting from any payments under this Agreement, and agree to indemnify and hold Defendants harmless for any cost or expense associated with treating their back wages as 1099 non-wage income to Plaintiffs.  In reaching this Agreement, Plaintiffs acknowledge and appreciate the expense and length of continued proceedings necessary to prosecute this matter through trial and appeals, have taken into account the uncertain outcome and risk of continued litigation, as well as the difficulties, delays, and risks of collection inherent in such litigation.   The Parties believe that this Agreement confers substantial benefits upon the Plaintiffs.

**1.5.   Resolution of Attorneys' Fees.**   Defendants shall pay Plaintiffs' attorneys' fees in the amount of $105,000.00, to be deducted from the gross settlement prior to any distributions to the Plaintiffs.  The resolution of the amount of attorneys' fees payable to Plaintiffs' counsel under this Agreement was negotiated at arm's length by the Parties after agreement had been reached on the amounts of back wages and liquidated damages payable to the Plaintiffs under this Agreement, and the Parties to this Agreement believe and represent that the attorneys' fees payable under this Agreement are fair and reasonable.

**1.6.   Costs.**  Defendants shall also be responsible for the payment of costs Plaintiffs' incurred in the prosecution of this action in the total amount of $7,571.55, which is included in, and is to be deducted from the gross settlement.

**1.7.   Non-Disclosure to Media.**   Neither the Plaintiffs, nor their Counsel, shall distribute any press release, make any statements to the press, or hold any press conference concerning this Agreement or its terms.   In the event that the news media contacts Plaintiffs, or their Counsel, they agree not to discuss or comment on the terms of the settlement other than to state that "this matter has been resolved" or words to that effect.

**1.8.**   In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

## SECTION 2. RELEASE & PAYMENT

**2.1.   Mutual Full and General Waiver of All Claims.**  In exchange for their individual payments set forth in Attachment A, Plaintiffs knowingly and voluntarily do hereby release and waive any and all claims and actions against Defendants, or any of Defendants' employees, agents or representatives, including without limitation, GSE, GSEC, TROP, ONYX, the JEG Family Trust, Teri Galardi, Dennis Williams and Mike Kap, arising under the Fair Labor Standards Act ("FLSA"), as amended, including any and all claims for unpaid wages, minimum and overtime wages or related claims, such as for alleged reimbursement of tips, house fees or expenses incurred in the ordinary course of Plaintiffs' duties as performers.  This waiver shall apply solely to Plaintiffs' time as exotic dancers at Onyx and Pink Pony and does not waive rights or claims that may arise after the date the waiver is executed.  Notwithstanding the above, Plaintiffs acknowledge that they are not releasing any claim that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

**2.2.   Dismissal of Claims / Court Approval.**  The Parties shall submit this proposed Settlement Agreement to the Court for approval in order to have the releases made effective and the civil action, including all claims and counterclaims brought by the Parties, dismissed against all Parties with prejudice.

**2.3.   Effect of Non-Approval.**  In the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void.  In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

**2.4.   Dismissal of Defendants.** Plaintiff shall stipulate to the voluntary dismissal with prejudice of all Defendants within five (5) days of the final settlement payment due under this Agreement.

**2.5.   Method of Payment of Consideration by Defendants.**  In exchange for: (1) Plaintiffs' release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiffs have made herein, Defendants ONYX and TROP agree to pay the collective total gross settlement value of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) (the "Gross Settlement"), set forth in paragraph 1.4.

The settlement shall be paid as follows:

**2.5.1. Settlement Payments to Claimants.**  Except as set forth in Section 2.5.2 *infra*, Defendants ONYX and/or TROP shall make a payment of FIFTY THOUSAND DOLLARS ($50,000.00) within ten (10) business days after the later of: (1) the entry of an order by the Court approving this Settlement Agreement; or (2) the date on which the last Plaintiff executes the Agreement.  Defendants ONYX and/or TROP shall also make payments in the amount of TEN THOUSAND DOLLARS AND 00/100 ($10,000.00) every thirty days thereafter for the next 30 months until the full amount of the settlement agreement is paid in full.  All payments shall be made payable to Parks, Chesin & Walbert, P.C. Attorney Trust Account, and sent to Parks, Chesin & Walbert, P.C., 26th Floor, 75 14th Street, Atlanta, GA 30309. ONYX or TROP shall issue a Form 1099 to each of the Plaintiffs reflecting the payments made pursuant to this Agreement.  Prior to the delivery of any settlement proceeds, Plaintiffs, and Plaintiffs' Counsel, agree to complete and return to Defendants' Counsel an IRS Form W-9.  The failure of any Plaintiff to sign and return this Agreement and an IRS Form W-9 to Defendants' counsel by May 1, 2016 shall entitle Defendants to withhold payments due under this Agreement to that Plaintiff.

**2.5.2. Settlement Payments to Sidnei Davis.**  From the payments described in Section 2.5.1, Defendants ONYX and TROP shall withhold all amounts payable to Opt-in Plaintiff Sidnei Davis as set forth in Attachment A, and make all payments due Ms. Davis under this Agreement payable to Parks, Chesin & Walbert, P.C. Attorney Trust Account f/b/o Sidnei Davis, which they shall deliver monthly to Parks, Chesin & Walbert, P.C., contemporaneously with Defendants' regular monthly settlement payment described in Section 2.5.1, *supra*.  The Parties, including Ms. Davis, agree that these settlement funds allocated to Ms. Davis shall remain in trust until the sooner of (a) the IRS informs Ms. Davis that her tax lien is fully satisfied; or (b) the amount held in trust equals the then current payoff balance of Ms. Davis's tax lien, in which case, Ms. Davis expressly authorizes Parks, Chesin & Walbert, PC use the settlement funds held for the benefit of Ms. Davis to satisfy same. The settlement proceeds held in trust for Ms. Davis shall not be used for any other purpose, and shall not be distributed to Ms. Davis until the IRS confirms the satisfaction/payoff of her tax lien, at which time her settlement proceeds shall be released to Ms. Davis.

5

**2.6.    Default Remedies.**  In the event ONYX or TROP shall fail to make any payment when due, and fail to cure the deficiency within 15 days of Defendants' counsel receiving written notice of the deficiency by Certified Mail, Plaintiffs may proceed with taking a Final Judgment against Defendants ONYX and TROP for the following amount (plus 12% post-judgment interest and collection costs): $350,000.00, reduced by any payments made under this Settlement Agreement.

**2.7.    Consideration is Adequate, Ample and All Inclusive.**  Plaintiffs specifically agree that the sums paid to them under this Agreement constitute adequate and ample consideration for the rights and claims that they are releasing and waiving under this Agreement, and for the other obligations imposed upon them by this Agreement.

**2.8.    No Re-Application/Re-Hire/Re-Employment**.  The Parties agree that those Plaintiffs who have not performed at ONYX or TROP since September 1, 2015 are deemed to have abandoned their positions as dancers/performers there, and agree that they shall not reapply and shall not be rehired and/or re-employed by either ONYX or TROP, GoldRush Showbar (East Point, GA) or Crazy Horse Gentlemen's Club (Forest Park, Georgia).

## SECTION 3. GENERAL PROVISIONS

**3.1.   Encouragement to Consult Attorney and Time to Consider Agreement**.  The Parties acknowledge that they were encouraged to consult an attorney before signing this Agreement.  The Parties acknowledge that they have consulted an attorney before signing this Agreement.   The Parties also acknowledge that they were given a reasonable period of time within which to review and consider this Agreement before signing it, and that they understand each term of the Agreement and their obligations hereunder.

**3.2.   Effective Date.**   This Agreement shall not become effective and enforceable against the Parties until all Plaintiffs execute the Agreement, or May 1, 2016, whichever first occurs.   Provided, however, that in the event that one but no more than five Plaintiffs do not execute this Agreement by May 1, 2016, then this Agreement shall become effective as of that date against all Parties who have executed the Agreement, provided the amounts allocated to those Plaintiffs who do not execute this Agreement are returned to Defendants' counsel, payable to the Trust Account of Schulten, Ward & Turner, LLP.  In the event that six (6) or more of the Plaintiffs fail or refuse to execute the Agreement, for any reason, Defendants, in their sole discretion, shall have the right to declare all matters covered by this Agreement null and void.  In the event Defendants elect to declare this Agreement null and void, they shall notify Plaintiffs' counsel of such election by May 15, 2016.  In the event the Agreement is declared null and void, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

**3.3.   Amendment.**  This Agreement may not be amended except by written agreement signed by Defendants and Plaintiffs, and only in the event such modification(s) are approved by the Court.

**3.4.   Headings.**  The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**3.5.   Governing Law, Severability, Interpretation and Construction**. This Agreement shall be governed and construed in accordance with the laws of

the State of Georgia. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**3.6.  Litigation of Disputes.**  In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retains the right to award attorney's fees in this action and the enforcement of this agreement. Lastly, the execution of this Agreement and the dismissal of this case is specifically conditioned upon the Court approving this Agreement and retaining jurisdiction to enforce the terms of this Agreement.

## SECTION 4. REPRESENTATIONS & WARRANTIES

**4.1.  Capacity of the Parties.**  The parties represent to each other that they and their attorneys have the full power, capacity, and authority to enter into this Agreement. The Parties also represent and warrant that no portion of any claim, right, demand, action, or cause of action that the parties have or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of the parties' claims released in this Agreement.

**4.2.  Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiffs and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**4.3.  Recitals Incorporated.**  All of the recitals and representations described above or referred to in this Agreement are herein incorporated by

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**4.4.  Counterpart.** The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated:_____

**MARY ANGELA BAKER**

_____
Dated:_____

**KEYANNA BUTLER**

_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**SIDNEI DAVIS**

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**PONYTAIL, INC.  D/B/A ONYX**

By:_____
Name:_____
Title:_____
Dated:_____

**TROP, INC. D/B/A PINK PONY**

By:_____
Name:_____
Title:_____
Dated:_____

**TERI GALARDI**

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

    **4.4.  Counterpart.**  The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

*a. adamopoulos*
Dated: 04.25·16

**GALARDI SOUTH ENTERPRISES, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

**MARY ANGELA BAKER**

_____
Dated:_____

By:_____
Name:_____
Title:_____
Dated:_____

**KEYANNA BUTLER**

_____
Dated:_____

**PONYTAIL, INC.  D/B/A ONYX**

By:_____
Name:_____
Title:_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**TROP, INC. D/B/A PINK PONY**

By:_____
Name:_____
Title:_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**TERI GALARDI**

**SIDNEI DAVIS**

_____
Dated:_____

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

4.4. **Counterpart.** The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated: 4/29/16

**MARY ANGELA BAKER**

_____
Dated:_____

**KEYANNA BUTLER**

_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**SIDNEI DAVIS**

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**PONYTAIL, INC.  D/B/A ONYX**

By:_____
Name:_____
Title:_____
Dated:_____

**TROP, INC. D/B/A PINK PONY**

By:_____
Name:_____
Title:_____
Dated:_____

**TERI GALARDI**

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

4.4. **Counterpart.** The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated:_____

**MARY ANGELA BAKER**

_~Mary Ang Bae~_
Dated: __04-28-16__

**KEYANNA BUTLER**

_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**SIDNEI DAVIS**

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**PONYTAIL, INC.  D/B/A ONYX**

By:_____
Name:_____
Title:_____
Dated:_____

**TROP, INC. D/B/A PINK PONY**

By:_____
Name:_____
Title:_____
Dated:_____

**TERI GALARDI**

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

    **4.4.**   **Counterpart.**  The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**      **GALARDI SOUTH ENTERPRISES, INC.**

_____   By:_____
Dated:_____   Name:_____
                            Title:_____
**TASHIA ANDERSON**         Dated:_____

_____   **GALARDI SOUTH ENTERPRISES**
Dated:_____   **CONSULTING, INC.**

**MARY ANGELA BAKER**      By:_____
                            Name:_____
_____   Title:_____
Dated:_____   Dated:_____

**KEYANNA BUTLER**         **PONYTAIL, INC.  D/B/A ONYX**

Dated: _5-10-2016_        By:_____
                            Name:_____
                            Title:_____
**BARBARA CHERUBIN**      Dated:_____

_____   **TROP, INC. D/B/A PINK PONY**
Dated:_____

**LAKISHA COLBERT**        By:_____
                            Name:_____
                            Title:_____
_____   Dated:_____
Dated:_____

                            **TERI GALARDI**
**SIDNEI DAVIS**

_____   Dated:_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**4.4.   Counterpart.**  The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

**GALARDI SOUTH ENTERPRISES, INC:**

_____
Dated:_____

By:_____
Name:_____
Title:_____

**TASHIA ANDERSON**

Dated:_____

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

**MARY ANGELA BAKER**

By:_____
Name:_____
Title:_____
Dated:_____

_____
Dated:_____

**KEYANNA BUTLER**

**PONYTAIL, INC.  D/B/A ONYX**

_____
Dated:_____

By:_____
Name:_____
Title:_____
Dated:_____

**BARBARA CHERUBIN**

_Barbara Cherubin_
Dated:_____4-25-16_____

**TROP, INC. D/B/A PINK PONY**

**LAKISHA COLBERT**

By:_____
Name:_____
Title:_____
Dated:_____

_____
Dated:_____

**TERI GALARDI**

**SIDNEI DAVIS**

_____
Dated:_____

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**4.4. Counterpart.** The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

**GALARDI SOUTH ENTERPRISES, INC.**

By: _____
Dated: _____
Name: _____
Title: _____

**TASHIA ANDERSON**
Dated: _____

_____
Dated: _____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

**MARY ANGELA BAKER**

By: _____
Name: _____
Title: _____

_____
Dated: _____
Dated: _____

**KEYANNA BUTLER**

**PONYTAIL, INC.  D/B/A ONYX**

By: _____
Dated: _____
Name: _____
Title: _____
Dated: _____

**BARBARA CHERUBIN**

**TROP, INC. D/B/A PINK PONY**

_____
Dated: _____

By: _____
Name: _____
Title: _____
Dated: _____

**LAKISHA COLBERT**

Dated: _____4-25-16_____

**TERI GALARDI**

**SIDNEI DAVIS**

_____
Dated: _____

Dated: _____

9

NANCY FINKS

Dated: 5-16-2016

DENNIS WILLIAMS

Dated:

SAMTHA GLENN

Dated:

MIKE KAP

Dated:

SARAH GRZYWACZ

Dated:

LINDSAY HARDIN

Dated:

DANA HARPER

Dated:

DEBORAH HOLDORFF

Dated:

TERESA MELTON

Dated:

SASHE OMOGIATE

Dated:

**NANCY FINKS**                              **DENNIS WILLIAMS**

_____          _____
Dated:_____          Dated:_____

**SAMTHA GLENN**                            **MIKE KAP**

_____          _____
Dated:_____04/22/2016___          Dated:_____

**SARAH GRZYWACZ**

_____
Dated:_____

**LINDSAY HARDIN**

_____
Dated:_____

**DANA HARPER**

_____
Dated:_____

**DEBORAH HOLDORFF**

_____
Dated:_____

**TERESA MELTON**

_____
Dated:_____

**SASHE OMOGIATE**

_____
Dated:_____

**NANCY FINKS**

Dated:_____

**SAMTHA GLENN**

Dated:_____

**SARAH GRZYWACZ**

_Dated:___ April 26, 2016_

**LINDSAY HARDIN**

Dated:_____

**DANA HARPER**

Dated:_____

**DEBORAH HOLDORFF**

Dated:_____

**TERESA MELTON**

Dated:_____

**SASHE OMOGIATE**

Dated:_____

**DENNIS WILLIAMS**

Dated:_____

**MIKE KAP**

Dated:_____

10

**NANCY FINKS**                          **DENNIS WILLIAMS**

Dated:_____         Dated:_____

**SAMTHA GLENN**                         **MIKE KAP**

Dated:_____         Dated:_____

**SARAH GRZYWACZ**

Dated:_____

**LINDSAY HARDIN**

_Lindsay Hardin_
Dated:_____4/25/16_____

**DANA HARPER**

Dated:_____

**DEBORAH HOLDORFF**

Dated:_____

**TERESA MELTON**

Dated:_____

**SASHE OMOGIATE**

Dated:_____

**NANCY FINKS**

Dated:_____

**SAMTHA GLENN**

Dated:_____

**SARAH GRZYWACZ**

Dated:_____

**LINDSAY HARDIN**

Dated:_____

**DANA HARPER**

Dated:___4/28/16_____

**DEBORAH HOLDORFF**

Dated:_____

**TERESA MELTON**

Dated:_____

**SASHE OMOGIATE**

Dated:_____

**DENNIS WILLIAMS**

Dated:_____

**MIKE KAP**

Dated:_____

**NANCY FINKS**                    **DENNIS WILLIAMS**

_____    _____
Dated:_____    Dated:_____

**SAMTHA GLENN**                  **MIKE KAP**

_____    _____
Dated:_____    Dated:_____

**SARAH GRZYWACZ**

_____
Dated:_____

**LINDSAY HARDIN**

_____
Dated:_____

**DANA HARPER**

_____
Dated:_____

**DEBORAH HOLDORFF**
_____
Dated: 04/25/2016

**TERESA MELTON**

_____
Dated:_____

**SASHE OMOGIATE**

_____
Dated:_____

**NANCY FINKS**                                    **DENNIS WILLIAMS**

_____              _____
Dated:_____                Dated:_____

**SAMTHA GLENN**                                  **MIKE KAP**

_____              _____
Dated:_____                Dated:_____

**SARAH GRZYWACZ**

_____
Dated:_____

**LINDSAY HARDIN**

_____
Dated:_____

**DANA HARPER**

_____
Dated:_____

**DEBORAH HOLDORFF**

_____
Dated:_____4-27-16_____

**TERESA MELTON**

_____
Dated:_____

**SASHE OMOGIATE**

_____
Dated:_____

**NANCY FINKS**

Dated:_____

**SAMTHA GLENN**

Dated:_____

**SARAH GRZYWACZ**

Dated:_____

**LINDSAY HARDIN**

Dated:_____

**DANA HARPER**

Dated:_____

**DEBORAH HOLDORFF**

Dated:_____

**TERESA MELTON**

Dated:_____

**SASHE OMOGIATE**

Dated: May 10th 2016

**DENNIS WILLIAMS**

Dated:_____

**MIKE KAP**

Dated:_____

10

TAMECIA PACE

*Tamecia Pace*

Dated: 4 / 29 / 16

**JULIE PARSONS**

Dated:_____

**AMBER SIMMONS**

Dated:_____

**NETASHA SPENCER**

Dated:_____

11

**TAMECIA PACE**

_____

Dated:_____

**JULIE PARSONS**

_____

Dated:___4-25-16_____

**AMBER SIMMONS**

_____

Dated:_____

**NETASHA SPENCER**

_____

Dated:_____

**TAMECIA PACE**

_____

Dated:_____

**JULIE PARSONS**

_____

Dated:_____

**AMBER SIMMONS**

_____

Dated:_____4/28/16_____

**NETASHA SPENCER**

_____

Dated:_____

11

**TAMECIA PACE**

Dated:_____

**JULIE PARSONS**

Dated:_____

**AMBER SIMMONS**

Dated:_____

**NETASHA SPENCER**

Dated:___4 / 2 1 / 1 6___

11

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

4.4.   **Counterpart.**   The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated:_____

**MARY ANGELA BAKER**

_____
Dated:_____

**KEYANNA BUTLER**

_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**SIDNEI DAVIS**

_____
Dated: 5·17·16

**GALARDI SOUTH ENTERPRISES, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

By:_____
Name:_____
Title:_____
Dated:_____

**PONYTAIL, INC.  D/B/A ONYX**

By:_____
Name:_____
Title:_____
Dated:_____

**TROP, INC. D/B/A PINK PONY**

By:_____
Name:_____
Title:_____
Dated:_____

**TERI GALARDI**

_____
Dated:_____

9

reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

    **4.4.   Counterpart.**  The agreement may be signed in counterpart.

**ALICIA ADAMOPOULOS**

_____
Dated:_____

**TASHIA ANDERSON**

_____
Dated:_____

**MARY ANGELA BAKER**

_____
Dated:_____

**KEYANNA BUTLER**

_____
Dated:_____

**BARBARA CHERUBIN**

_____
Dated:_____

**LAKISHA COLBERT**

_____
Dated:_____

**SIDNEI DAVIS**

_____
Dated:_____

**GALARDI SOUTH ENTERPRISES, INC.**

By: _Teri G. Galardi_
Name: Teri G. Galardi
Title: pres
Dated: 4-25-16

**GALARDI SOUTH ENTERPRISES CONSULTING, INC.**

By: _Teri G. Galardi_
Name: Teri G. Galardi
Title: pres
Dated: 4-25-16

**PONYTAIL, INC.  D/B/A ONYX**

By: _Teri G. Galardi_
Name: Teri G. Galardi
Title: pres
Dated: 4-25-16

**TROP, INC. D/B/A PINK PONY**

By: _Teri G. Galardi_
Name: Teri G. Galardi
Title: pres
Dated: 4-25-16

**TERI GALARDI**

_Teri G. Galardi_
Dated: 4-25-16

9

**NANCY FINKS**

_____
Dated:_____

**SAMTHA GLENN**

_____
Dated:_____

**SARAH GRZYWACZ**

_____
Dated:_____

**LINDSAY HARDIN**

_____
Dated:_____

**DANA HARPER**

_____
Dated:_____

**DEBORAH HOLDORFF**

_____
Dated:_____

**TERESA MELTON**

_____
Dated:_____

**SASHE OMOGIATE**

_____
Dated:_____

**DENNIS WILLIAMS**

_____
Dated:_____ 4/25/16

**MIKE KAP**

_____
Dated:_____ 4.25.16

10